UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONALD LEE FEREBE,

                Petitioner,

       -v-

WARDEN JAMISON,

                Respondent.

24-CV-5931 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

Petitioner Donald Lee Ferebe brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Ferebe was incarcerated at the Federal Correctional Institution in Otisville, New York ("FCI Otisville") when this petition was filed. Proceeding *pro se*, Ferebe seeks immediate release to home confinement pursuant to the Second Chance Act, 18 U.S.C. § 3624(c), and the First Step Act, 18 U.S.C. § 3632(d)(4). For the reasons that follow, the petition is denied.

I.  **Background**

On July 7, 1997, Donald Lee Ferebe was convicted in the United States District Court for the District of Maryland of committing a violent crime in furtherance of racketeering activity, 18 U.S.C. § 1959(a)(1) ("Count I"), and possession of a weapon in connection with crime of violence, 18 U.S.C. § 924(c) ("Count II"). (ECF No. 9-1 at 1). Judge Walter E. Black sentenced Ferebe to life imprisonment as to Count I and sixty months' imprisonment as to Count II, with the terms to run consecutively, followed by three years of supervised release on each count, to run concurrently. (*Id.* at 2-3.) Ferebe's sentence on Count I was subsequently reduced to 360 months. (ECF No. 9-2 at 1.) With consideration of his good-conduct time under 18 USC § 3624(b), the Federal Bureau of Prisons ("BOP") determined Ferebe's projected release date to be September 28, 2025, and his home-detention eligibility date to be March 28, 2025. (ECF No.

9 ("Hayes Decl.") ¶ 7; *see also* ECF No. 9-2 at 1.)  "On March 29, 2024, a BOP Case Management Coordinator recommended that [Ferebe] be considered for placement in a Community Corrections Center managed by the BOP . . . , which is essentially a halfway house where inmates nearing the end of their sentence can transition back into society with structured support like job placement."[1]  (Hayes Decl. ¶ 9; *see also* ECF No. 9-4.)

Ferebe filed this habeas petition on July 29, 2024, at which time he remained incarcerated at FCI Otisville.  (Pet. at 1.)  He brings this petition pursuant to 28 U.S.C. § 2241, which allows a federal inmate to challenge "the execution of a sentence," including "matters such as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."  *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (cleaned up).  Ferebe challenges the BOP's "failure to prepare pre[-]release packet in a timely fashion resulting in an inability to find adequate bed spacing for halfway house under the Second Chance Act [] which affords [him] 1 year [residential reentry center ("RRC")] placement."  (*Id.* at 2.)  He also argues that the First Step Act requires his "immediate placement in pre-release custody."  (*Id.* at 7.)  Respondent, the Warden of FCI Otisville, filed an opposition on November 22, 2024.  (ECF No. 8.)

**II.  Discussion**

"[F]ederal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief."  *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001).  In particular, a federal inmate bringing a habeas petition pursuant to § 2241 "must first utilize the

---

[1] The referral incorrectly identified Ferebe's anticipated release date as August 19, 2025, and his earliest pre-release placement date as August 20, 2024—a forty-day discrepancy from the correct projected dates due to the referral's failure to account for Ferebe's previous loss of good-time conduct.  (*See* Hayes Decl. ¶ 9; ECF No. 9-6.)

Administrative Remedy Program . . . developed by the BOP." *Rosenthal v. Killian*, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) (citing 28 C.F.R. §§ 542.10 *et seq.*); *see also Gonzalez v. Perrill*, 919 F.2d 1, 2 (2d Cir. 1990) (per curiam), *superseded in other ways by* 18 U.S.C. § 3585(b) (requiring a federal habeas petitioner exhaust the administrative remedies contained within 28 C.F.R. §§ 542.10 *et seq.*). "A court can excuse a failure to exhaust administrative remedies 'when such exhaustion would be futile or where the agency has predetermined the issue before it.'" *Rosenthal*, 667 F. Supp. 2d at 366 (quoting *Garcia v. Shanahan*, 615 F. Supp. 2d 175, 180 (S.D.N.Y. 2009)).

Here, Ferebe does not purport to have exhausted administrative remedies. (*See* Pet. at 2-3.) Rather, he contends that "[t]he 120 day period for the 4 step administrative process would be futile because it would overlap [with] the proper transfer date for either RRC or [home confinement] placement." (*Id.* at 3.) The BOP does have a four-tiered system whereby an inmate must "first present an issue of concern informally to staff," 28 C.F.R. § 542.13, then submit an Administrative Remedy Request to the Warden, *id.* § 542.14, followed by an appeal to the Regional Director and, finally, an appeal to the BOP's General Counsel, *id.* § 542.15. Once an inmate submits a formal Administrative Remedy Request, "response shall be made by the Warden . . . within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days"—totaling 90 days of response time absent an extension. *Id.* § 542.18. Ferebe identifies the date of the decision or action he is challenging as April 23, 2024, when the pre-release packet was submitted (Pet. at 2), yet the earliest potential date for his pre-release placement was September 29, 2024[2] (*see* Hayes Decl. ¶ 10)—more than

---

[2] Contrary to Ferebe's assertion, he is not entitled to "immediate placement in pre-release custody" pursuant to the First Step Act. (Pet. at 7.) "The First Step Act . . . permits eligible federal inmates to earn credits against their sentence based on their participation in recidivism

150 days after the challenged action. Thus, Ferebe's earliest pre-release placement date does not fall within a "minimum 120 day waiting period necessary to [ful]fill the 4-step Administrative Remedy Process," as he argues. (Pet. at 11.)

Moreover, "[c]ourts have . . . held that the mere fact that petitioner's release date could arrive before administrative relief is insufficient to excuse a petitioner's failure to exhaust his administrative remedies." *Goren v. Apker*, No. 05-CV-9006, 2006 WL 1062904, at *4 (S.D.N.Y. Apr. 20, 2006). In *Gonzalez*, the Second Circuit rejected an analogous argument that "the exhaustion requirement is excused when a petitioner is entitled to immediate release from confinement," holding that "[t]his urgency . . . does not vitiate the requirement that he exhaust his administrative remedies." 919 F.2d at 1-2. As the Second Circuit stated, there was no reason "to believe that the administrative procedures in place cannot expediently resolve [the] claim," and "[i]n determining whether exhaustion is necessary, [courts] cannot *assume* that [the petitioner's] claim is meritorious." *Id.* at 2. For similar reasons, the futility exception does not apply here, and Ferebe's failure to exhaust administrative remedies bars habeas relief.

Finally, public BOP information indicates that at this time, Ferebe has already been transferred to a Baltimore residential reentry center. *See Find An Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited May 5, 2025). This accords with Respondent's representation that Ferebe "has received a placement date in January 2025 for a

---

reduction programs or [productive] activities," which "may be applied toward early supervised release or transfer to home or community-based confinement." *United States v. Tagliaferro*, No. 19-CR-472, 2024 WL 3567275, at *1 (S.D.N.Y. July 29, 2024) (citing 18 U.S.C. § 3632(d)(4)). However, because Ferebe "is serving a sentence for a conviction under" 18 U.S.C. § 924(c), he is ineligible to receive time credits under the First Step Act. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii); *see also Giovinco v. Pullen*, 118 F.4th 527, 529 (2d Cir. 2024) ("[A] prisoner 'is serving a sentence for' any offense that is part of his aggregated term of imprisonment.").

bed in a Community Correctional Center in Baltimore, Maryland." (Hayes Decl. ¶ 10.) No further relief is warranted.

### III. Conclusion

For the foregoing reasons, Ferebe's petition for a writ of habeas corpus is denied.

Respondent is directed to provide a copy of this order to Petitioner.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: May 5, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge